IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO.  2:10cv472-WKW |
| | ) | (WO) |
| MONTGOMERY COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 26, 2010, the pro se plaintiff, Rodney Edwards ("Edwards"), filed this action against Montgomery County and Montgomery Circuit Court Judge Anita Kelly.  (Doc. No. 1.)  Edwards asserts that Judge Kelly violated his civil rights by issuing a restraining order against him during a family court proceeding.  Upon consideration of the pleadings and evidentiary materials in this case, the court concludes that this case should be dismissed.

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

FED R. CIV. P. 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. This obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

To the extent Edwards challenges the outcome of a civil trial in the Montgomery Circuit Court, his claim is due to be dismissed for lack of jurisdiction. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 464 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Austin from proceeding before this court with respect to his challenge to state court decisions as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 125 S.Ct. at 1201. Moreover, a § 1983 action is inappropriate either to compel or to appeal

a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). *See also Shabtai v. Florida*, 2010 WL 1138831 (N.D. Fla. 2010) (dismissing plaintiff's challenge to family court determination pursuant to the *Rooker-Feldman* doctrine and *Datz, supra*, because "[p]roviding any relief to Plaintiff would necessarily imply that the state courts wrongly decided Plaintiff's child custody orders, commitment orders, and in dismissing Plaintiff's claims").

The court also notes that all of the allegations made by the plaintiff against Judge Kelly arise from actions taken by her in her judicial capacity during circuit court proceedings. The facts as alleged in Edward's complaint indicate that the judge presided over a family court proceeding and entered a restraining order against the plaintiff. The law is well established that a judge is absolutely immune from civil liability for acts taken pursuant to her judicial authority. *See Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Wall v. Wall*, 2009 WL 3110208, *3 (M.D. Ala. 2009) (determining Elmore County Circuit Court judge is an "arm of the state" of Alabama and therefore immune from suit). Thus, the plaintiff's claims against Judge Kelly in her judicial capacity should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Edwards also names Montgomery County as a defendant in this case. To the extent Edwards seeks to hold the County liable under 42 U.S.C. § 1983 for actions taken by Judge

Kelly during court proceedings or for policies implemented by the judge regarding judicial proceedings, he is entitled to no relief. "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.' *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (*citing Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998). Consequently, "local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Id.* 1292. In deciding whether a county is liable under § 1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-785 (1997) (*quoting Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 737 (1989)). A circuit court judge acts exclusively for the State rather than the County when conducting judicial proceedings. *See Wall v. Wall*, No. 2:09cv527-MEF, 2009 WL 3110208, *3 (M.D. Ala. 2009).

As is clear from the foregoing, circuit court judges are not county policymakers. *See Moore v. Cherokee County, Ga.*, No. 1:08cv03669-TCB, 2009 WL 2461724, *3-4 (finding a juvenile court judge is a state official and does not act as the County's final policymaker). "For § 1983 liability to attach to a county, the policy at issue must have been made by a person who exercises final authority on behalf of the county with respect to that policy." *See*

4

*McMillian*, 520 U.S. at [784-785], 117 S.Ct. at 1736.  Alabama law, however, clearly demonstrates that circuit court judges possess only state policymaking authority when conducting judicial proceedings.  *See Ala.Code* §§ 12-11-1, 12-11-2, 12-17-1, 12-17-20, 12-10A-1, 12-10A-2, 12-10A-4, 12-2-30, 36-1-6.1, Const. Ala., Article VI, §§ 142, 157 (establishing circuit courts "with all the jurisdiction and powers that are conferred on the circuit court by the Constitution and laws of this state;" establishing the judicial circuits and number of circuit judges within each circuit; establishing that all state circuit court personnel are employees of the State of Alabama;  establishing judicial salaries and that such salaries are paid from the state treasury; establishing Court of the Judiciary with the power to discipline judges; vesting control over management of court business with the Chief Justice of the Supreme Court; and establishing liability insurance or self-insurance to pay for judgments arising out of the wrongful acts or state employees or agents and that the cost of such insurance shall be paid from funds appropriated for the operation of the various state agencies).  Thus, Montgomery County may not be held vicariously liable under § 1983 for Judge Kelly's conduct.  *See Monell*, 436 U.S. at 691.  Consequently, the plaintiff's claims against Montgomery County are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1)   To the extent the plaintiff challenges Judge Kelly's orders and/or the outcome of  a state court proceeding, the claim should be DISMISSED pursuant to FED R. CIV. P.

12(h)(3).

(2)    The plaintiff's claims against Judge Kelly be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

(3)    The plaintiff's claims against Montgomery County be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

(4) This case be DISMISSED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the on or before June 23, 2010.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of June, 2010.

           /s/Charles S. Coody
          CHARLES S. COODY
          UNITED STATES MAGISTRATE JUDGE